IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEYON MONTEZ BUTLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:19cv821-SLB-SMD |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Keyon Montez Butler is before the court with his pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] As discussed below, the Magistrate Judge recommends that Butler's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

On June 21, 2017, a jury in the Middle District of Alabama found Butler guilty of possessing a firearm as a convicted felon, aiding and abetting, in violation of 18 U.S.C. § 922(g)(1), § 2. Doc. 7-10 at 7. That charge arose from a confidential informant's controlled buy of a Beretta pistol from Butler and his codefendant Demarcus Parker on August 16, 2016. Parker pled guilty. Butler went to trial and was convicted. On November 16, 2017, the district court sentenced Butler to 120 months in prison. Doc. 7-11 at 23.

---

[1] References to document numbers of the pleadings, motions, and other materials in the court file in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." All pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

Butler appealed, arguing that the district court erred in admitting a photograph depicting him with a pistol in his waistband while holding a large amount of cash. On September 10, 2018, the Eleventh Circuit issued an opinion affirming Butler's conviction and sentence. Doc. 7-6; *United States v. Butler*, 737 F. App'x 518 (11th Cir. 2018). Finding that the photograph was properly admitted and that even if its admission was error, the error was harmless, the Eleventh Circuit held:

> The district court did not abuse its discretion by admitting into evidence the photograph of Butler holding money with a pistol protruding from the waistband of his shorts. The photograph of Butler possessing a firearm was relevant to his intent, which he made a material issue by pleading not guilty to the firearm offenses. The photograph also proved that Butler, a convicted felon, possessed a firearm. Butler posted the photograph on his Facebook page three days after he sold a Beretta pistol to Mario Cobb, and the letters "PY" and the digits "431" visible on the firearm in the photograph matched the serial number of "PY06431" on the firearm that Cobb handed to agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives immediately after the transaction. The substance of the photograph and the speed with which the image appeared on Butler's social media page after the firearm transaction made the photograph more probative than prejudicial.
>
> . . . .
>
> Even if we were to assume that the district court erred by admitting the photograph, that error was harmless. Aside from submitting a screenshot of the photograph that Butler posted on Facebook, the government presented testimony from Cobb about his decade-long acquaintance with Butler and with another felon [Demarcus Parker] who helped to coordinate and who attended the sales transaction; about his text messages and telephone calls with Butler and the other felon; and about the sales transaction. The government also introduced audio recordings of telephone calls and of the sales transaction between Cobb and Butler and testimony from two federal agents who helped Cobb prepare for and travel to the sale and who listened to the transaction as it was taking place. The government presented an overwhelming case that Butler, a convicted felon, possessed firearms.

737 F. App'x at 518–19 (citations omitted).

On October 3, 2019, Butler, acting pro se, filed this § 2255 motion asserting claims that his trial counsel rendered ineffective assistance in the following ways:

1. Counsel failed to prepare, research, and investigate Butler's case and failed to review the government's audio recordings of telephone calls and of the gun-sale transaction.

2. Counsel failed to investigate key witnesses and to call them to testify.

3. Counsel relayed confidential information about Butler to the prosecution.

4. Counsel prevented Butler from testifying.

5. Counsel failed to (a) file pretrial motions including a motion to suppress; (b) seek an evidentiary hearing[ (c) raise further Fed. R. Evid. 404(b) issues; (d) object at trial and sentencing; and (e) provide the court with exhibits.

Doc. 1 at 3–6; Doc. 2 at 4–10; Doc. 2-1.[2]

## II.   DISCUSSION

### A.   Legal Standard

A prisoner is entitled to relief under § 2255 when the trial court has imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been

---

[2] Butler's claims overlap in places and are sometimes repetitive, and they are not always presented in a clear and logical fashion. For organizational and analytical purposes, the court has recast some of the claims in a more appropriate presentation.

raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden to establish that vacatur of the conviction or sentence is required falls upon the petitioner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

      B.      **Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

4

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus exclusively on the underlying outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). However, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required under both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Thus, once a court decides that one of the requisite showings has not been made, it need not examine the other. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

1. ***Failure to Prepare, Research, and Investigate***

Butler claims his trial counsel rendered ineffective assistance by failing to prepare, research, and investigate his case and by failing to review the audio recordings that were admitted at trial. Doc. 2 at 4–7. According to Butler, the recordings had been "tampered with" to change their original contents. *Id*. at 4.

Butler's claim notwithstanding, it is clear from the record that Butler's counsel prepared for trial, was well versed in the facts of the case, and provided Butler with a vigorous and competent defense. As the government observes in its response to this claim,[3] Butler's counsel set out the defense theory of the case in her opening statements to the jury, arguing that Mario Cobb, the confidential informant who purchased the gun from Butler in the controlled buy, had a longstanding feud with Butler over a former girlfriend and conjecturing that Cobb's testimony that Butler participated in the gun sale was fabricated. Doc. 7-8 at 21–22, 27. Counsel also noted that the ATF agents who monitored the controlled buy could not confirm they saw Butler at the scene, even though they could identify codefendant Demarcus Parker as being at the scene. *Id*. at 22–24. Counsel elicited testimony to this effect during her cross-examination of the two ATF Agents. *Id*. at 86, 90; Doc. 7-9 at 101.

It is plain from the record that counsel reviewed the audio recordings prior to trial and was familiar with their contents. Counsel used the poor quality of the audio recordings to Butler's advantage, claiming that although the voices of Cobb and Parker were clear on the recordings, there was no clear recording of Butler's voice. *Id*. at 27–28. As to a voice that could be heard on the recording of the controlled buy, counsel argued—during opening statements and in cross-examining Cobb—that the voice did not belong to Butler. *Id*. at 28; *see* Doc. 7-9 at 69. To bolster this argument, counsel hired an expert to enhance the sound on the audio recordings. Doc. 7-7 at 2; Doc. 7-9 at 11–12.

---

[3] *See* Doc. 7 at 8–10.

When cross-examining Cobb, counsel also confronted him with several prior offenses he had committed. Doc. 7-9 at 61–63. Counsel's cross-examination established that Cobb, by acting as a confidential informant, had received assistance credit from both state and federal authorities. *Id*. at 62–63. Counsel also elicited testimony that Cobb had recently had the name of his girlfriend tattooed on his body—the same girlfriend who had allegedly cheated on him with Butler (which counsel argued was the source of Cobb's grievance against Butler). *Id*. at 81–82. The record does not support Butler's allegation that his counsel was ill-prepared for trial but instead reflects that counsel's representation was fully competent and objectively reasonable. *See Strickland*, 466 U.S. at 689.

To show prejudice based on his counsel's allegedly inadequate preparation, research, and investigation, Butler must demonstrate what information would have been obtained through counsel's further efforts in this regard and that such efforts would likely have produced a different outcome in the proceedings. *See Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005); *United States v. Price,* 357 F. Supp. 2d 63, 67–68 (D.D.C. 2004). Butler, however, provides no identifiable, specific facts showing that further preparation, research, and investigation by his counsel would have affected the outcome of his trial. With specific regard to the audio recordings admitted at trial, Butler presents no evidence to support his allegation that the audio recordings had been tampered with. Nor does he show how counsel's further review of the audio recordings would have yielded matters beneficial to his defense.

Butler's general allegations are insufficient to support a claim of ineffective assistance of counsel. He fails to show that his counsel's performance fell below an

7

objective standard of reasonableness or that he was prejudiced by counsel's allegedly deficient performance. Consequently, he is entitled to no relief on this claim.

### 2. *Failure to Investigate and Call Key Witnesses*

Butler additionally claims that his trial counsel was ineffective for failing to investigate "key witnesses" and for failing to call them to testify at trial. Doc. 2 at 7–8. According to Butler, he told his counsel that he had witnesses who would have "established his innocence" but counsel "did not call, contact and/or subpoena his witnesses" because counsel believed the witnesses would "throw the jurors." *Id*. at 7. Butler does not identify the "key witnesses" he wanted counsel to call, and he fails to specify the testimony they would have provided to establish his innocence.

Challenges based upon uncalled witnesses are disfavored. *Sanders v. United States*, 314 F. App'x 212, 213 (11th Cir. 2008). "This is especially true because allegations of what a witness would have testified are largely speculative." *Jones v. McNeil*, WL 1758740, at *6 (S.D. Fla. Jun. 22, 2009). "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).

Butler does not present potentially exculpatory information or proffered testimony, in any form, from the uncalled witnesses merely alluded to in his § 2255 motion. Therefore, he cannot demonstrate prejudice for purposes of a claim of ineffective assistance of counsel, and this claim entitles him to no relief.

### 3. *Disclosure of Confidential Information*

Butler next claims that his trial counsel relayed confidential information about him to the prosecution. Doc. 2 at 8–9. He appears to suggest that his counsel shared with the prosecution statements he made in confidence about a third party's dealings with codefendant Parker, which, according to Butler, led the government to subpoena the third party to testify against Butler. *Id*. at 8.

Butler does not identify the nature of the confidential information his counsel allegedly shared with the prosecution. The third party Butler references in his § 2255 motion did not testify at his trial. Butler does not explain how he was prejudiced by his counsel's alleged sharing of confidential information. In an affidavit filed with this court, Butler's counsel flatly denies his allegation that she shared confidential information with the prosecution. Doc. 7-7 at 2. Butler's claim here is vague, speculative, and unsupported. His conclusory allegations, which are unsupported by specifics, entitle him to no relief.

### 4. *Preventing Butler from Testifying*

Butler claims that his counsel prevented him from testifying. Doc. 2 at 6, 9; Doc. 2-1. This claim is not supported by the record.

At trial, after the government rested its case, the district court engaged in a colloquy with Butler regarding whether he wished to testify. This occurred shortly after the district court directed Butler to engage in an off-the-record discussion with counsel about his right to testify and whether he wished to testify. As the trial transcript shows, after Butler's discussion with counsel, Butler affirmed to the district court that (1) he understood his right to testify; (2) he had discussed the decision on whether or not to testify with his counsel;

and (3) it was his (Butler's) decision not to testify. Doc. 7-9 at 117–18. These affirmations by Butler belie any claim that his counsel prevented him from testifying. A party's sworn account of events may be disregarded if it is "blatantly contradicted by the record, so that no reasonable [trier of fact] could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). *See also, e.g., Van T. Junkins & Assoc., Inc. v. U.S. Indus.*, 736 F.2d 656, 658–59 (11th Cir.1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). Butler fails to show that his counsel prevented him from testifying.

Further, even if Butler may have desired to testify, his statements to the district court constituted a waiver of that right. "[I]f an accused desires to exercise [his] constitutional right to testify the accused must act affirmatively and express to the court [his] desire to do so at the appropriate time or a knowing and voluntary waiver of the right is deemed to have occurred." *United States v. Kamerud*, 326 F.3d 1008, 1017 (8th Cir. 2003) (citation omitted).

Finally, Butler does not establish that he was prejudiced by his counsel's failure to put him on the stand. He does not say what his testimony would have been and thus shows no reasonable probability that the jury's verdict would have been different had he testified. Butler is entitled to no relief on this claim of ineffective assistance of counsel.

### 5. *Conclusory Allegations of Ineffective Assistance*

Butler also makes several conclusory allegations of ineffective assistance by his trial counsel. He asserts that his counsel was ineffective for failing to (a) file pretrial motions

including a motion to suppress; (b) seek an evidentiary hearing; (c) raise further Fed. R. Evid. 404(b) issues; (d) object at trial and sentencing; and (e) provide the court with exhibits. Doc. 2 at 6–7, 9; Doc. 2-1.

Butler sets forth no grounds upon which a motion to suppress or other pretrial motions might have been based. Where a claim of ineffective assistance of counsel stems from counsel's failure to file a motion to suppress, the defendant must show that the underlying constitutional claim has merit. *See Green v. Nelson*, 595 F.3d 1245, 1251–52 (11th Cir. 2010). A defendant must establish prejudice where counsel failed to file a motion. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Butler fails to demonstrate the prejudice required to sustain this claim.

Butler also fails to explain on what basis his counsel should have sought an evidentiary hearing. Nor does he state on what basis counsel should have raised further Fed. R. Evid. 404(b) issues. He also does not identify the grounds on which counsel should have further objected at trial and sentencing.[4] Finally, he does not identify the exhibits his

---

[4] In his reply to the government's response to his § 2255 motion, Butler suggests that, when moving for a judgment of acquittal after the government's presentation of evidence, his counsel should have argued there was no evidence that Butler knew at the time of the offense that he had previously been convicted of a felony. Doc. 21 at 9. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (interpreting statutory language of 18 U.S.C. § 922(g) as requiring a defendant to know both that he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm—i.e., that he knows he has been convicted of a crime punishable by imprisonment for a term greater than one year). However, the record reflects that at the time of his offense, Butler had a history of felony convictions, at least two of which resulted in his serving prison terms of well over one year. *See* Doc. 7-3 at 8-9. Most people convicted of a felony know that they are felons. *See United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020). And someone who has been convicted of felonies repeatedly is especially likely to know he is a felon. *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). The jury could have inferred that Butler knew he was a felon from his stipulation that he was a felon. Doc. 7-9 at 120. *See United States v. Reed*, 941 F.3d 1018, 1021–22 (11th Cir. 2019). Further, in making this allegation of ineffective assistance of counsel,

(continued…)

counsel should have provided to the court or explain how counsel's failure to do so was prejudicial.

Butler's conclusory allegations here are insufficient to support a claim of ineffective assistance of counsel. He fails to show that his counsel's performance with respect to these matters was objectively unreasonable or prejudicial. Consequently, he is entitled to no relief on these claims.

## III. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Butler's § 2255 motion be DENIED and that this case DISMISSED with prejudice.

It is further ORDERED that by August 31, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any

---

Butler relies on the Supreme Court's decision in *Rehaif*, a case that was not decided until well over a year after his trial. Counsel could not be ineffective for failing to make an argument based on a change in the law that had yet to occur. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). *See Dawkins v. United States*, 2020 WL 3576841, at *2 (N.D. Ala. July 1, 2020), certificate of appealability denied, 2020 WL 8270518 (11th Cir. Dec. 1, 2020) (finding that counsel's failure to raise a *Rehaif* claim before *Rehaif* was decided was not ineffective assistance providing cause to excuse petitioner's procedural default of claim).

subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of August 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE